NO. 07-09-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 20, 2010

_____


JAFFICE HARRIS, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,087; HONORABLE BRAD UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Jaffice Harris, III, pled guilty in open court to burglary of a habitation with intent to commit aggravated assault with a deadly weapon[1] and was sentenced by a jury to twenty-five years confinement. Appellant's counsel has filed an *Anders* brief and a motion to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

---

[1] *See* Tex. Penal Code Ann. § 30.03(d) (Vernon 2003).

493 (1967). For the reasons expressed herein, we abate and remand this cause to the trial court for appointment of new counsel.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[2]

When faced with an *Anders* brief, an appellate court has a duty to conduct a full examination of the proceeding, and if its independent inquiry reveals a non-frivolous or arguable ground for appeal, it must abate the proceeding and remand the case to the trial court so that new counsel can be appointed to brief the issues. *See Penson v. Ohio*, 488

---

[2]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

2

U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

In this case, the Clerk's Record reflects a judgment signed July 6, 2009. Under the judgment's heading "special findings or orders," the trial court orders Appellant to pay court-appointed attorney fees of $5,467.50 and court costs of $615.00. A review of the Reporter's Record does not reveal any evidence pertaining to Appellant's ability to reimburse attorney's fees, nor does it contain any determination by the court of Appellant's ability to pay those fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2009). Rather, the record shows Appellant was appointed trial counsel and, later on July 24, 2009, appellate counsel was appointed due to his indigency.

A judgment ordering the reimbursement of court-appointed attorney's fees without sufficient evidence of a defendant's ability to pay can constitute error cognizable on appeal. *See Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010).

Based upon this record, we find at least two arguable grounds for appeal exist:

(1)     Does an order for the reimbursement of *attorney's fees* have to be included in the oral pronouncement of sentence as a precondition to its inclusion in the trial court's written judgment? *See Weir v. State,* 278 S.W.3d 364, 366 (Tex.Crim.App. 2009).

(2)     Was the evidence legally sufficient to show that Appellant had financial resources that would enable him to offset, in part or in whole the costs of legal services provided? *See Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App. 2010).

3

Having concluded that arguable grounds for appeal exist, we grant Appellant's counsel's motion to withdraw, abate this proceeding, and remand this cause to the trial court for the appointment of new counsel. *See Bledsoe,* 178 S.W.3d at 827; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

We direct the trial court to appoint new counsel to represent Appellant on appeal by November 1, 2010. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment of counsel is ordered. Finally, the trial court shall cause its order appointing counsel to be included in a supplemental clerk's record which shall be filed with the Clerk of this Court by November 12, 2010. Appellant's brief shall address the issues we have identified, together with any other arguable issues identified by counsel, and shall be due forty-five days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

It is so ordered.

Per Curiam

Do not publish.

4